**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT MADLINGER, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., | |
| Defendant. | |

Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.   Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("ARM") is a Pennsylvania Corporation with

its principal place of business located at 4850 East Street Road, Suite 300, Trevose, Pennsylvania 19053.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. in which the creditor is TD Bank USA, N.A. in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
  a. Whether Defendant violated various provisions of the FDCPA.
  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

- d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed

- without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to October 1, 2018, Plaintiff allegedly incurred a financial obligation to TD Bank USA, N.A. ("TD Bank") related to a Target Credit Card Account. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. TD Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to October 1, 2018, TD Bank either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

21. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated October 1, 2018 concerning the alleged Debt, which sought to collect an amount owed of $940.86. Attached as Exhibit A is a copy of the October 1, 2018 collection letter.

23. The October 1, 2018 collection letter was Defendant's initial communication to Plaintiff for the Debt.

24. The October 1, 2018 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The October 1, 2018 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the October 1, 2018 collection letter.

27. The October 1, 2018 letter states:

A Minimum Amount Due of $328.00 is an amount that will bring your account to a current status and stop collections (unless your account goes past due in the future), if paid by 10/24/2018. The account would then be returned to our client. PLEASE NOTE that the due date for paying the Minimum Amount Due does not affect or diminish your important rights stated below, including your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described below. **If you do not pay the Minimum Amount Due by 10/24/2018, you are not giving up any of your rights regarding this debt.**

(emphasis added).

28. On or about September 27, 2018, Plaintiff received a monthly billing statement from TD Bank for the Target Credit Card Account. See, Attached Exhibit B.

29. The September 27, 2018 monthly statement included a Late Payment Warning that if TD Bank did not receive the minimum payment by the October 24, 2018

7

date, Plaintiff may have to pay a $38.00 late fee.

30. Upon information and belief, if Plaintiff did not make the minimum payment the minimum payment due date, the Debt would accelerate or a $38.00 late fee would be imposed.

31. If the minimum payment were made, then Plaintiff would have exercised his right to cure any default and avoid acceleration of the balance or the imposing of a late charge.

32. However, if Plaintiff did not the minimum payment by the due date, he would waive have waived his right to cure the default, and TD Bank would have imposed a late fee and/or accelerated the balance.

33. Thus, the representation in the October 1, 2018 letter that Plaintiff did not give up any rights if he did not pay the Minimum Amount Due is false, deceptive and/or misleading since failure to make the minimum payment would have caused an imposition of a $38.00 late fee or acceleration of the balance of the debt.

34. Additionally, the October 1, 2018 collection letter states that the account has been referred to ARM and instructs, "All further communication should be directed to this office."

35. The least sophisticated consumer would understand this language from the October 1, 2018 collection letter that all billing disputes should be directed to ARM rather than to TD Bank, the creditor.

36. Thus, the October 1, 2018 collection letter directs billing disputes away from the creditor and the address provided in the September 27, 2018 monthly statement.

37. Where the FDCPA does not specify the address for consumers to send

their disputes to, consumers disputing debts under the Fair Credit Billing Act ("FCBA") must send their disputes to the specific address that the creditor discloses in each billing statement.

38. A dispute under the FCBA entitles the consumer to greater protection than a dispute under the FDCPA.

39. Unlike the FDCPA, the FCBA requires creditors to respond rather than simply cease collection efforts.

40. Moreover, where a debt is disputed under the FDCPA, the debt collector may respond by ceasing debt collection activity rather than by contacting the creditor to verify the debt, and the creditor may never discover that the debt was disputed and would continue to report the debt to credit bureaus without the disputed flag..

41. Because an FCBA dispute is made directly to the creditor, it would result in accurate reporting to consumer credit bureaus.

42. The instruction that that consumer should direct all further communication to ARM contradicts and overshadows the consumer's statutory rights to dispute the debt under the FCBA.

43. Additionally, the October 1, 2018 collection provides:

The Account Balance of $940.86 is the full amount owed as of the date of this letter.  Because of interest and late charge that may vary from day to day, the account Balance due on the day you pay may be greater.

44. The statement is false, deceptive and/or misleading since while interest charges may vary from day to day, this is not true with respect to late charges, which are only assessed once per monthly billing cycle.  As such, the late charge will never vary from day to day.

9

45. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

46. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

47. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

48. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

49. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

50. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

51. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

52. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

53. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The

Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

54. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

55. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

56. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

57. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

58. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

59. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By making false representations of the character or legal status of a debt; and

      (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

60. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

61. Plaintiff repeats the allegations contained in paragraphs 1 through 60 as if the same were set forth at length.

62. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

63. By sending a collection letter, the same as or substantially similar to the August 8, 2018 collection letters, Defendant violated:

    A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

    B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

    C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

    D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

G. 15 U.S.C. §1692g(b) by engaging in collection activities and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         September 29, 2019

                                      Respectfully submitted,

                                      By: s/ Lawrence C. Hersh
                                          Lawrence C. Hersh, Esq.
                                          17 Sylvan Street, Suite 102B
                                          Rutherford, NJ  07070

(201) 507-6300
*Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 29, 2019         By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq

EXHIBIT A

# AllianceOne
Receivables Management, Inc.

4850 Street Rd. Suite 300
Trevose, PA 19053

Telephone: 866-672-3286
October 1, 2018

Name: SCOTT MADLINGER
Issuer (Creditor) Reference Number: ███5914
Issuer (Creditor): TD Bank USA, N.A.
Account Balance: $940.86

Dear SCOTT MADLINGER ,

The above referenced account has been referred to our office by TD Bank USA, N.A. for collection. All further communication should be directed to this office. Any written correspondence may be mailed to the address above. PLEASE READ CAREFULLY ALL OF THE IMPORTANT DISCLOSURES PROVIDED BELOW.

The Account Balance of $940.86 is the full amount owed as of the date of this letter. Because of interest and late charges that may vary from day to day, the Account Balance due on the day you pay may be greater. Please contact us for the updated Account Balance if you would like to pay the account in full after the date of this letter.

A Minimum Amount Due of $328.00 is an amount that will bring your account to a current status and stop collections (unless your account goes past due in the future), if paid by 10/24/2018. The account would then be returned to our client. PLEASE NOTE that the due date for paying the Minimum Amount Due does not affect or diminish your important rights stated below, including your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described below. If you do not pay the Minimum Amount Due by 10/24/2018, you are not giving up any of your rights regarding this debt.

Any payments should be mailed to Target Card Services at the address provided below. If you are experiencing financial difficulties, call our office at 866-672-3286 and a representative will assist you in negotiating a suitable arrangement.

IMPORTANT DISCLOSURES:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

✂ Detach Bottom Portion And Return With Payment ✂

S: 114156-L: 3776-O: TNU-VIS3-3776-395

To contact us regarding your account, call: 866-672-3286

AllianceOne
Receivables Management, Inc.

PO Box 1259
Dept. 114164
Oaks, PA 19456

⬆ Mail return address only; send no letters

| Regarding |||
|---|---|---|
| TARGET CARD SERVICES |||
| Issuer Reference Number | Balance | Amount Enclosed |
| ███5914 | $940.86 | $               . |

⬇ Please make check or money order payable to:

SCOTT MADLINGER
████████████

Target Card Services
PO Box 660170
Dallas, TX. 75266-0170

TNU  0000000059235914  00059235  6  10242018  0000094086  0000032800  3




EXHIBIT B

**TARGET**

*9001Y*

**REDcard Ending in:** 4833
Account Identification Number: _____5914
SCOTT MADLINGER

Statement Closing Date: **September 27, 2018**
Page 1 of 2

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $884.06 |
| Payments and Other Credits | -$0.00 |
| Purchases and Other Debits | +$0.00 |
| Past Due Amount | $262.00 |
| **Fees Charged** | **+$38.00** |
| **Interest Charged** | **+$18.80** |
| New Balance | $940.86 |
| | |
| Credit Limit | $0.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 9/27/2018 |
| Days in Billing Cycle | 31 |

**For questions, an address change or to report a lost or stolen card, go online or call us:**

| | |
|---|---|
| Manage My REDcard | Target.com/myREDcard |
| Target Card Services | 1-800-659-2396 |
| TDD/TDY | 1-800-347-5842 |
| Outside the U.S. | 1-612-307-8622 (Call Collect) |

*Calling will not preserve your billing-error rights*

### Payment Information

| | |
|---|---|
| New Balance | $940.86 |
| Minimum Payment Due | $328.00 |
| Payment Due Date | 10/24/2018 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay up to a $38.00 late fee.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 3 years | $1,190 |

If you would like information about credit counseling services, call 1-800-991-8433.

### Important Messages

**Account Seriously Past Due**
Your REDcard account is seriously past due, but we may still be able to offer special payment arrangements to help you clear up your account and get your finances back on track. Your first step is to give us a call at **800-621-2410** or go to **Target.com/myREDcard**

NOTICE. SEE REVERSE SIDE FOR IMPORTANT INFORMATION

INCLUDE THIS PORTION WITH YOUR PAYMENT MADE PAYABLE TO TARGET CARD SERVICES



NEW PHONE, HOME OR E-MAIL ADDRESS? PLEASE UPDATE ON REVERSE SIDE.

TARGET CARD SERVICES
P.O. BOX 660170
DALLAS TX 75266-0170

AAT27-00011891-001-002

| | |
|---|---|
| Account Number Ending in | 4833 |
| Account Identification Number | _____5914 |
| New Balance | $940.86 |
| Minimum Payment Due | $328.00 |
| Payment Due Date | October 24, 2018 |

Amount Enclosed $ _____

SCOTT MADLINGER

**TARGET**

*8o01x*

**REDcard Ending in: 4833**
Account Identification Number: ▮▮▮▮▮5914
SCOTT MADLINGER

Statement Closing Date: **September 27, 2018**
Page 2 of 2

## Transactions

| Trans Date | Description of Transaction or Credit | Location | Amount |
|---|---|---|---|
| | **Payments And Other Credits** | | |
| | No payments or credits were received last month. | | |
| | **Fees** | | |
| Sep. 24 | LATE PAYMENT FEE | | $38.00 |
| | | TOTAL FEES FOR THIS PERIOD | $38.00 |
| | **Interest Charged** | | |
| | INTEREST CHARGE-PURCHASES | | $18.80 |
| | | TOTAL INTEREST CHARGED FOR THIS PERIOD | $18.80 |

| 2018 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2018 | $179.00 |
| Total interest charged in 2018 | $92.69 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 24.65% (v) | $897.98 | $18.80 |

(v) = Variable Rate

There is a Minimum Charge of $1.00 for any billing period in which an interest charge is imposed.

## Special Announcements and Exclusive Offers

**Go Paperless and more!**
Go paperless, easily make payments, and set up alerts for your account with Manage My REDcard! Enroll today at **Target.com/myREDcard**.

AAT27-00011891-002-002